LIN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GEORGE MARGETAS et al.,                      :
                *Plaintiffs*,                    :
                                   :

        v.                                :   CIVIL NO.  25-6163
                                   :

SEVASTI P. MARGETAS,                          :
                *Defendant.*                     :

## MEMORANDUM

**Scott, J.**                                            **June 11, 2026**

Plaintiffs George Margetas and John Margetas allege that they formed an oral contract with Defendant Sevasti P. Margetas' father, Peter Margetas (who is also George's uncle and John's brother) to share equally the capital gains from Peter's cryptocurrency investment that was facilitated by George.[1]   Plaintiffs allege that Sevasti wrongfully appropriated Plaintiffs' interest in the capital gains from the cryptocurrency investment by transferring the entire investment from George's cryptocurrency wallet to one controlled exclusively by Sevasti.   George and John have brought claims of (i) conversion, (ii) trespass to chattels, (iii) unjust enrichment, (iv) breach of confidential relationship, (v) fraud, (vi) violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, (vii) a request for a constructive trust, and (viii) a request for accounting.

Sevasti has moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).   ECF No. 11.   For reasons explained below, the Court grants in part and denies in part Sevasti's motion.

---

[1] Because all relevant parties share a surname, the Court refers to the litigants by their first names for clarity.

## I.    BACKGROUND[2]

In September 2021, Peter enlisted George and John to assist Peter with investing in cryptocurrency. ECF No. 1 (hereafter "Compl.") ¶ 13. In exchange for the assistance, Peter proposed to split fifty percent on the capital gains on the investment with John. *Id.* ¶ 14. Peter, George, and John agreed to this proposal. *Id.* ¶ 15.

From September 2021 through March 2022, Peter transferred $30,000 to George. Compl. ¶ 16–23. George used the funds to purchase a cryptocurrency, known as XRP or Ripple, and George held those funds in a cryptocurrency wallet to which he had the exclusive private keys and the recovery phrase necessary to access the wallet. *Id.* By late July 2025, the $30,000 investment had reached a value of $186,542, meaning that George and John believed they were entitled to $77,994 (fifty percent of the total value of the cryptocurrency less the initial $30,000 investment). *Id.* ¶¶ 37–38.

Around the same time, John wished to withdraw $8,500 of his putative portion of the investment for travel. Compl. ¶ 34. On July 21, 2025, George informed Sevasti of the impending withdrawal. *Id.* In the ensuing discussion, George evidently provided Sevasti with his private key, which Sevasti then used, on July 22, 2025, to transfer the entirety of the XRP holding into a cryptocurrency wallet that only Sevasti controls. *Id.* ¶ 39.

On August 1, 2025, George confronted Sevasti about transferring the entirety of the XRP cryptocurrency out of George's wallet. Compl. ¶ 41. Sevasti refused to engage in the discussion, framing the issue as a dispute between her dad and George's dad and stating, among other things, that she doesn't "want to be involved" and that "it's not [her] problem." *Id.* ¶ 42(c).

---

[2] For purposes of this motion, the Court accepts as true all well-pleaded facts in Plaintiff's Complaint. ECF No. 1.

2

After Sevasti refused to return the funds, George and John filed suit, bringing the following causes of action: (i) conversion, (ii) trespass to chattels, (iii) unjust enrichment, (iv) breach of confidential relationship, (v) fraud, (vi) violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, (vii) a request for a constructive trust, and (viii) a request for accounting.  Compl. ¶¶ 47–90.

## II.    LEGAL STANDARD

Motions for judgment on the pleadings are "analyzed under the same standards that apply to a Rule 12(b)(6) motion." *Wolfington v. Reconstructive Orthopaedic Assocs. II PC*, 935 F.3d 187, 195 (3d Cir. 2019) (citation modified).  Accordingly, the Court must "view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party and may not grant the motion unless the movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law." *Id.* (citation modified).  "In deciding a motion for judgment on the pleadings, a court may only consider the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Id.* (citation modified).

## III.    DISCUSSION

### A.  Four Claims Are Dismissed By Agreement Of The Parties

The Parties have agreed to dismiss the claim of breach of a confidential relationship (Count IV), the claim under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 (Count VI), the request for a constructive trust (Count VII), and the request for an accounting (Count VIII). *See, e.g.* ECF No. 11 at 20–29; ECF No. 14 at 19–20.  Accordingly, the Court dismisses those claims with prejudice.

**B. Plaintiffs' Conversion Claim And Trespass To Chattels Claim Fail**

Conversion is a tort that involves "the deprivation of another's right of property in, or use or possession of, a chattel, without the owner's consent and without lawful justification." *Francis J. Bernhardt, III, P.C.v. Needleman*, 705 A.2d 875, 878 (Pa. Super. Ct. 1997) (citation modified). "The elements of trespass to chattels are 'essentially the same' as conversion" *Rosemont Taxicab Co., Inc. v. Philadelphia Parking Auth.*, 327 F. Supp. 3d 803, 828–29 (E.D. Pa. 2018) (quoting *QVC, Inc. v. Resultly, LLC*, 159 F. Supp. 3d 576, 600 (E.D. Pa. 2016)).

Sevasti offers three arguments to support dismissal of these claims. First, Sevasti claims that the contract between the Parties is unenforceable due to lack of definiteness concerning essential contractual terms. ECF No. 11-1 at 12–14. Second, Sevasti argues that George and John have not pleaded conversion nor trespass to chattels because the XRP at issue is not a tangible property as required to plead such claims. *Id.* at 14–17. Third, Sevasti argues that there is no conversion or trespass because George and John's putative interest in the cryptocurrency concerns the capital gains from selling it, not the cryptocurrency itself, and because no cryptocurrency has been sold, there are not capital gains to be shared. *Id.* at 17–18. George and John respond only to the first two arguments in their briefing and largely ignore the third. ECF No. 14 at .

Sevasti's third argument, however, is the strongest. George and John's own characterization of the Complaint frames the contract as an agreement to share capital gains, not as an agreement to share the cryptocurrency itself. *See, e.g.*, Compl. ¶ 2 ("[T]he capital gains in that [cryptocurrency] investment were to be shared equally by agreement between Plaintiff John Margetas and Peter [Margetas].") (quotation modified). Capital gains (or capital losses) can only occur when there is a sale of the underlying asset. *See, e.g.*, 26 U.S.C. § 1222 (defining capital gains and losses as the gain or loss from the sale or exchange of a capital asset). Because there are no allegations that XRP has been sold, there are no capital gains to be shared. In other words,

4

accepting as true the well-pleaded allegations in the Complaint, the Court finds that George and John have not stated a claim for conversion and have not stated a claim for trespass of chattels because they have not been deprived of their interest in the capital gains related to the sale of XRP. Accordingly, the Court will grant Sevasti's motion for judgment on the pleadings with respect to the conversion and trespass of chattels claims.

### C. Plaintiffs' Unjust Enrichment Claim Survives.

To state a claim for unjust enrichment, George and John must plead facts that make plausible that there are "(i) benefits conferred on defendant by plaintiff, (ii) appreciation of such benefits by defendant, and (iii) acceptance and retention of such benefits under such circumstances that it would be inequitable for defendant to retain the benefit without payment of value." *Commerce Bank/Pennsylvania v. First Union Nat. Bank*, 911 A.2d 133, 143–44 (Pa. Super. 2006) (citation modified).

Sevasti argues that George and John's unjust enrichment claim fails because they simultaneously allege the existence of a contract. ECF No. 11-1 at 19–20. According to the Complaint, the contract is between Peter, on the one hand, and George and John, on the other hand. Because Sevasti is not a party to that contract, the unjust enrichment claim against her is not precluded by virtue of the contract. *See, e.g.*, *Bunce v. Visual Tech. Innov., Inc.*, 2024 WL 967828 (E.D. Pa. Mar. 6, 2024) (denying a motion to dismiss an unjust enrichment claim when the unjust enrichment claim was against an individual that was not a party to the operative agreement). Accordingly, the Court rejects this argument.

Next, Sevasti argues that the unjust enrichment claim fails because Sevasti has not retained a benefit. ECF No. 11-1 at 19. At this stage of the proceedings, the Court must construe the facts in the light most favorable to Plaintiffs. Here, George and John have plausibly alleged (i) that

Sevasti has retained a benefit, namely the possession of XRP, (ii) that she is not entitled to possess XRP, and (iii) that her retaining the XRP is inequitable under the circumstances. *See, e.g.*, Compl. ¶¶ 39, 44–46.  Those allegations are enough for George and John to survive the motion for judgment on the pleadings on this claim, although Sevasti may renew this argument when appropriate at a later juncture.  Accordingly, the unjust enrichment claim survives.

### D.  Plaintiffs' Fraud Claim Is Dismissed

To plead fraud, George and John must allege "(1)  'a representation' which is (2) 'material to the transaction at hand,' (3) 'made falsely, with knowledge of its falsity or recklessness as to whether it is true or false,' and (4) made 'with the intent of misleading another into relying on it;' (5) 'justifiable reliance on the misrepresentation;' and (6) that 'the resulting injury was proximately caused by the reliance.'" *Shuker v. Smith & Nephew, PLC*, 885 F.3d 760, 778 (3d Cir. 2018) (quoting *Gibbs v. Ernst*, 647 A.2d 882, 889 (1994)).  Plaintiffs must also comply with Federal Rule of Civil Procedure 9(b), which requires that they "state with particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b).  To comply with the heightened pleading requirements, Plaintiffs need to state "the date, time, and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation."  *Shuker*, 885 F.3d at 778 (citation omitted).

Sevasti correctly points out that George and John's allegations fall woefully short of this pleading standard.  At no point in the Complaint do they identify with particularity what misrepresentation Sevasti made.  At one point, Plaintiffs make a vague reference to Sevasti's "implicit representations of familial trust and loyalty," which induced George and John to grant Sevasti access to George's wallet  Compl. ¶ 72.  But the remainder of the fraud-based allegations are largely conclusory, including barebones allegations about Sevasti's intent, about George and

John's justifiable reliance, about the injury supposedly suffered, and about how the supposed misrepresentation caused such injury. *Id.* ¶¶ 72–76.

George and John, perhaps recognizing the weakness of the Complaint on this front, attempt to supplement their pleadings by arguing in their opposition brief that Sevasti misrepresented to them that "she was going to manage her father's digital portfolio with her father's knowledge and consent." ECF No. 14 at 18–19. But litigants are not allowed to amend their pleadings through briefing, so those allegations are not properly before the Court.

Additionally, Sevasti makes a similar argument to the one made concerning the conversion and trespass to chattels claims: George and John have not been harmed by any putative fraud because their "purported capital gains share has not come into existence." ECF No. 11-1 at 23. For reasons already mentioned, the Court accepts this argument. George and John have not alleged an injury from the putative fraud, which is an independent reason to dismiss the fraud claim.

## IV.    CONCLUSION

For the foregoing reasons, the Court denies in part and grants in part the motion for judgment on the pleadings (ECF No. 11). Counts IV, VI, VII, and VIII are dismissed with prejudice. Count III (unjust enrichment) survives. The remaining counts are dismissed without prejudice. An appropriate order will be entered separately.